UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHIDA MORGAN,

       Petitioner,                              Case No. 2:11-CV-12669
                                               Hon. Marrianne O. Battani

v.

HEIDI WASHINGTON,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

       Rashida Morgan, ("Petitioner"), presently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, Petitioner challenges her conviction for armed robbery. MICH. COMP. LAWS 750.29. For the reasons stated below, the application for writ of habeas corpus is denied.

## I. Background

       Petitioner was convicted after a jury trial to the above charge in the Eaton Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

       Defendant's conviction arises from her theft of a television from a Walmart store on March 10, 2009. Because defendant was unable to produce a receipt showing she paid for the television as she exited the store, a Walmart security employee followed her into the parking lot and repeatedly

asked her to show a receipt for the purchase. Defendant refused and then turned around and sprayed the employee directly in the face with a substance later determined to be pepper spray. The employee dropped to his knees in pain and was blinded for several hours. The injury required medical attention, and he was transported to the hospital to have his eyes flushed. He also reported extreme pain, trouble breathing and did not have vision for approximately three hours. He also testified that as a result of being hit by the pepper spray, he had suffered a small burn pinhole in his right eye. Defendant was arrested a short time later at a store across the street where she fled with two other women who had accompanied her to the Walmart and were involved in the scheme to steal the television.

At trial, the jury heard a recording of defendant's interview with police in which she admitted stealing the television but denied spraying the employee with pepper spray.

People v. Morgan, 2010 Mich. App. LEXIS 2275 *1-2 (Nov. 23, 2010).

Petitioner was sentenced as fourth-time habitual felony offender to a term of 126-to-

300 months imprisonment. Petitioner's conviction and sentence were affirmed on appeal.

Id.; lv. den. 796 N.W.2d 80 (2011).

Petitioner seeks a writ of habeas corpus on the following ground:

I. Did the prosecutor meets its burden to prove beyond a reasonable doubt with sufficient evidence that the defendant committed armed robbery by spraying the victim with an unknown substance (pepper spray) in an attempt to flee from the perpetration of a retail fraud?

## II.  Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct.770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

In addition, a petition for a writ of habeas corpus must set forth facts that give rise

3

to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); See also Hamby-Bey v. Bergh, No. 2008 U.S. Dist. LEXIS 60776, 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Allen v. Perini, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claim does not entitle her to habeas relief, such that the petition must be summarily denied. See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III.  Analysis

Petitioner asserts that she is entitled to habeas relief because the prosecutor failed to prove beyond a reasonable doubt that she was armed with a dangerous weapon at the time of the assault to the security guard.  Petitioner explains, "Under the facts and circumstances of the case, the use of pepper spray did not constitute serious physical

4

injury or death.  Further it was not foreseeable that mace purchased over the counter for

protection uses, especially by females, is not generally understood to be a dangerous

weapon.  The defendant was in the process of leaving the Wal-mart store, and did not use

any weapons in what the defendant believed was a retail fraud situation."  Brief in Support

of Petition, at 3.

"[T]he Due Process Clause protects the accused against conviction except upon

proof beyond a reasonable doubt of every fact necessary to constitute the crime with which

he is charged." In re Winship, 397 U.S. 358, 364 (1970).  The critical inquiry on habeas

review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt
> beyond a reasonable doubt. [T]his inquiry does not require a court to 'ask
> itself whether it believes that the evidence at the trial established guilt
> beyond a reasonable doubt.' Instead, the relevant question is whether, after
> viewing the evidence in the light most favorable to the prosecution, any
> rational trier of fact could have found the essential elements of the crime
> beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted)

(emphasis in original).  A federal court may not reweigh the evidence or redetermine the

credibility of the witnesses. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  "It is the

province of the factfinder to weigh the probative value of the evidence and resolve any

conflicts in testimony." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing

Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992)).   A habeas court must defer to the fact

finder for its assessment of the credibility of witnesses. Id.  The Court does not need to be

convinced that the petitioner is actually guilty beyond a reasonable doubt. Walker v.

Russell, 57 F.3d 472, 475 (6th Cir. 1995).

The sufficiency of evidence "standard must be applied with explicit reference to the

substantive elements of the criminal offense as defined by state law," Jackson, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). Therefore, a court reviewing a claim of insufficient evidence on habeas review must accord "deference at two levels . . . first, to the jury's verdict as contemplated by Jackson, and, second, to the state court's consideration of the jury's verdict as dictated by AEDPA." Parker v. Renico, 506 F.3d 444, 448 (6th Cir. 2007) (internal citations omitted).

Armed robbery under Michigan law is a statutory offense. The applicable statute reads:

> A person who engages in conduct proscribed under section 530 [which defines robbery as a larceny by means of an assault upon the victim] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.

MICH. COMP. LAWS 750.529. The state courts construe this statute to define the elements of armed robbery as "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." People v. Johnson, 520 N.W.2d 672, 673 (Mich. Ct. App. 1994).

Michigan courts have construed the "weapon" element broadly to include not only harmless objects fashioned to fool the victim into believing that the assailant has a lethal weapon, but also objects benign in themselves that are used in a way that might inflict an injury. In People v. Goolsby, 284 Mich. 375, 279 N.W. 867 (Mich. 1938), the state supreme court stated:

6

Some weapons carry their dangerous character because so designed and are, when employed, per se, deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon.

Id. 279 N.W. at 868-69. The question whether an article is a "dangerous weapon" under the statute in the circumstances of a particular case generally is left to the jury. People v. Jolly, 502 N.W.2d 177, 181-182 (Mich. 1993).

The state court of appeals applied these rules when addressing Petitioner's sufficiency-of-evidence argument. Applying the Jackson standard, the court denied relief because the jury could reasonably have concluded that the pepper spray used by Petitioner constituted a dangerous weapon as that term is defined under state law. The court noted that the evidence showed that Petitioner used the pepper spray on the security employee as she was attempting to flee the store location with the stolen television. She sprayed him directly in the eyes, nose, and mouth, resulting in injuries sufficient to render the spray a dangerous weapon.

This decision is neither contrary to nor an unreasonable application of Jackson. Petitioner does not dispute in her petition that she committed an assault and or that she took property. Petitioner's sole challenge concerns whether she was armed with a dangerous weapon. According to the state court of appeals, and as Petitioner admits in her petition, the testimony at trial revealed that Petitioner possessed pepper spray and sprayed it into the eyes of the victim when he asked to see the receipt for the television she was stealing from the store. The victim testified that he suffered from extreme pain, was

7

blinded for a period of three hours, and suffered a pin-hole burn on one eye. That testimony was sufficient to establish beyond a reasonable doubt that Petitioner was armed with a dangerous weapon during the commission of the robbery. More importantly, the decision by the Michigan Court of Appeals rejecting the claim was, at least, reasonable.

With regard to considering whether mace or pepper spray is a dangerous weapon for purposes of armed robbery, federal courts have concluded that mace, pepper spray, or tear gas can be a "dangerous weapon" in other contexts. For example, in United States v. Dukovich, 11 F.3d 140, 142--43 (11th Cir. 1994), the court held that tear gas sprayed by a defendant during a bank robbery as the victims were facedown on the floor was a "dangerous weapon," justifying sentence enhancement under the United States Sentencing Guidelines, where the victims experienced eye pain, severe headaches, and burning sensations in their faces and throats. See also United States v. Neill, 166 F.3d 943, 949--50 (9th Cir. 1999); United States v. Bartolotta, 153 F.3d 875, 879 (8th Cir. 1998) (mace constituted "dangerous weapon" justifying sentence enhancement under the United States Sentencing Guidelines where the victim developed chemical pneumonia and had to take daily steroid shots for over four months and steroid pills for one year to cleanse the mace from her body).

Petitioner also seems to assert that pepper spray should not be considered a dangerous weapon as a matter of Michigan law. However, it is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). The Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of armed robbery beyond a reasonable doubt was

8

reasonable. Habeas relief is not warranted.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. Alexander v. Harris, 595 F. 2d 87, 91 (2nd Cir. 1979).

The Court will also deny Petitioner leave to appeal in forma pauperis, because the

appeal would be frivolous. See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner. Rashida Morgan, via ordinary U.S. Mail to Huron Valley Complex-Womens, 3201 Bemis Road, Ypsilanti, Michigan.  48197

s/Bernadette M. Thebolt

Case Manager